IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| IN RE: THE MARRIAGE OF DONALD RUGGLES AND MARY JO RUGGLES <br><br> DONALD RUGGLES,<br>      Petitioner, <br><br> v. <br><br> MARY JO RUGGLES,<br>      Respondent. <br><br> **CONSOLIDATED WITH** <br><br> CHRISTOPHER RUGGLES, <br><br> v. <br><br> DONALD RUGGLES and GREGORY RUGGLES | Case No. 4:21-cv-04058-JES-JEH |

**Report and Recommendation**

Now before the Court is the Donald Ruggles' Response to Court's June 8, 2021 Order to Show Cause (Doc. 7). For the reasons stated herein, the Court recommends this case be remanded to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois.

I

On April 1, 2021, Defendant Donald Ruggles removed this case from the Illinois state court to federal court asserting diversity jurisdiction as the basis of this Court's subject matter jurisdiction. In his Notice of Removal (Doc. 1), Donald

1

stated that Gregory Ruggles filed a Verified Motion for Court Assistance for Enforcement of Marital Settlement Agreement and Issuance of Constructive Trust and Temporary Restraining Order (Verified Motion) on March 5, 2021 in "two cases that were consolidated several years ago: one arising out of the divorce of Gregory's father, Donald Ruggles, and his mother, Mary Jo Ruggles, and the other a business dispute between Gregory, Donald and Gregory's brother, Christopher Ruggles." (Doc. 1 at pg. 2). The caption of the Verified Motion listed two cases: *Donald Ruggles v. Mary Jo Ruggles*, No. 98 D 520; and *Christopher Ruggles v. Donald Ruggles and Gregory Ruggles*, No. 04 MR 108. In his Verified Motion, Gregory asserted that the Illinois circuit court retained jurisdiction to enforce a settlement agreement that was entered into by the parties on November 23, 2005.

Donald asserted in his Notice of Removal:

> 3. Despite the title, Gregory's Motion does not actually seek to enforce the Settlement Agreement. Rather, even a cursory review of the Motion demonstrates that Gregory's Motion revolves around allegations relating to the Shareholder Agreement involving the company he and his father own, Expert Packaging Company, Inc. ("XPAC") and allegations of breach of fiduciary duty. Donald denies the Circuit Court retains any jurisdiction over this matter and asserts that if Gregory desires to pursue his meritless allegations he should have filed a new Complaint as required by the Illinois Rules of Civil Procedure. However, in an effort of expediency and to avoid spending legal fees and judicial resources on that issue, Donald files this Notice of Removal.

(Doc. 1 at pg. 2). Further still, Donald asserted that there has been no activity in this matter in the Illinois circuit court for years until Gregory filed the Verified Motion which raises new issues that were never an issue before, and this matter is for all practical purposes a new dispute that Gregory seeks to shoehorn into a prior

case number. *Id*. at 3. Donald stated he is a Florida citizen[1], Gregory is an Iowa citizen, and Gregory's Verified Motion seeks declaratory relief and the amount in controversy exceeds $75,000. Donald also stated that this matter was not removable prior to the filing of the March 5, 2021 Verified Motion.

On June 7, 2021, the Court held a telephonic Status Conference at which time the Court discussed with the parties that "something looked very wrong about this case," reminded the parties that federal courts have an independent duty to examine whether they have federal subject matter jurisdiction, and stated that the Court saw a problem with subject matter jurisdiction that needed to be addressed at the outset. On June 8, 2021, the Court entered a Text Order citing 28 U.S.C. § 1446(c)[2] and ordering Donald to show cause why this matter should not be remanded back to state court for failure to file his Notice of Removal within one year after commencement of the civil action in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois.

On June 22, 2021, Donald filed his Response (Doc. 7) in which he included the details as to the consolidated cases in Illinois state court. Donald's divorce action against Mary Jo was commenced on July 23, 1998 and neither Gregory nor Christopher were parties to that action. A judgment of dissolution of marriage was entered on May 31, 2002. Christopher's Verified Complaint for Declaratory Judgment against Donald and Gregory was commenced on February 18, 2004 and, as Gregory put it in his Verified Motion, Christopher filed his lawsuit to "force

---

[1] Donald originally stated his and Gregory's states of "residence." After the Court entered an Order to Show Cause on April 5, 2021 why this case should not be remanded for lack of diversity jurisdiction due to Donald failing to allege his and Gregory's states of domicile, Donald responded to that Order stating he is domiciled in Florida and Gregory is domiciled in Iowa.

[2] Technically, the prior version of 28 U.S.C. § 1446 applies to this action as the current version applies to cases removed to federal court that were commenced in state court on or after January 6, 2012. Nevertheless, the prior version of Section 1446 applicable to this case still provided that a case could not be removed on the basis of jurisdiction conferred by Section 1332 more than one year after commencement of the action.

Don to finalize" the intended divorce settlement agreement transfer of all the non-voting shares of the family business to Christopher and Gregory. (Doc. 1-1 at pg. 5). Christopher, Donald, and Gregory entered into a settlement agreement resolving Christopher's lawsuit on November 23, 2005. Donald says Gregory's pending Verified Motion revolves around recent and potentially future actions taken by Donald with which Gregory disagrees relating to the operation of the family business, and Gregory is simply not attempting to enforce the divorce settlement agreement.

## II

28 U.S.C. § 1446(c)(1) provides, in relevant part:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In his Response to the Court's June 8, 2021 Order to Show Cause, Donald asserts, as he has done since he first removed this case to federal court, that Gregory should have filed his Verified Motion as a new, independent action because that is what it is. Thus, according to Donald, Gregory's "new and independent action" is removable and jurisdiction in this Court is proper.

None of the three cases Donald cites in his Response support his position that his removal of this matter from state court was proper. In *Travelers Property*

4

*Casualty. v. Good*, the Seventh Circuit Court of Appeals considered whether the Illinois state citation proceeding was removable under 28 U.S.C. § 1441 as a separate and independent action from the underlying suit itself rather than not removable because an ancillary or supplementary proceeding. 689 F.3d 714, 724-25 (7th Cir. 2012)[3]. The Seventh Circuit explained no bright-line formula existed for separating the independent and removable cases from the ancillary and therefore non-removable ones but found the following distinction helpful: "where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court." *Id*. at 724.

Here, the controversy set forth in Gregory's Verified Motion does *not* involve some new and different party. Instead, Gregory complains of actions Donald took with the family business and requests relief against Donald including that the latter be enjoined and restrained from taking further action with regard to the family business. Donald cites the following from *Federal Savings & Loan Insurance Corporation v. Quinn* in support of his further contention that Gregory's Verified Motion is a "separate action for equitable relief" rather than a continuation of the prior consolidated suit in Illinois state court:

> [A] proceeding which is the equivalent of a common law suit or equitable action to secure relief from an existing judgment, is an independent action and, hence, removable . . . regardless of whether or not the proceeding sought to be removed is independent in form[.]

419 F.2d 1014, 1018 (7th Cir. 1969). Gregory's Verified Motion makes clear that he does not seek relief *from* an existing judgment. He states therein that the parties

---

[3] Donald also relies upon the portions of *Harris v. JPMorgan Chase Bank, N.A.* reciting the Seventh Circuit's explanation in *Travelers* as to what constitutes a new and independent action or ancillary or supplementary proceeding to the initial filing for purposes of determining the commencement date of a new action. No. 13 CV 4513, 2014 WL 12791025, at *1 (N.D. Ill. Jan. 7, 2014).

intended the Illinois state court "would retain its jurisdiction of the original [family business] subject matter for compliance with the original intent of the parties, Don and Mary Jo Ruggles, to see that their sons' rights with respect to the profitability and eventual ownership of [the family business] be maintained." (Doc. 1-1 at pg. 13). Donald keeps asserting that this case should and could have been filed as a new and separate action. But that is not what Gregory has done and Donald therefore is constrained by the requirements for removal based on diversity jurisdiction.

While he accurately cites House Report No. 100-889 setting forth the legislative intent behind the one-year limit in 28 U.S.C. § 1446, Donald conveniently leaves out that the report also stated that the "one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court" has the result of "a modest curtailment in access to diversity jurisdiction." *Foiles by Foiles v. Merrell Nat'l Lab'ys*, 730 F. Supp. 108, 110 (N.D. Ill. 1989) (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S. Code Cong. & Admin. News 5982). The *Foiles* court observed: "That Congress would intend the one-year requirement as a substantive limit on diversity jurisdiction is hardly surprising; the 1988 Act also raised the jurisdictional amount in diversity cases to in excess of $50,000 for the express purpose of reducing the case load of the federal courts." *Id*. (citing 1988 Cong. & Admin. News, at 6005–06).

The fact remains that Gregory filed a Verified Motion in an already-existing Illinois state court matter, not as an independent action in Illinois state court, and Donald improperly sought to remove that matter to federal court several years after the commencement of that matter in state court. Accordingly, the undersigned recommends that this matter be remanded to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois.

### III

For the reasons set forth above, the undersigned recommends that this case be remanded back to state court.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on June 29, 2021.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE